UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AARON HERRING, : | |
|       Plaintiff, : | |
| : | |
| v. : | Case No.  3:13-cv-253 (SRU) |
| : | |
| OMPRAKASH PILLAI, et al., : | |
|       Defendants. : | |

INITIAL REVIEW ORDER

      The plaintiff, Aaron Herring, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed this action *pro se* pursuant to 42 U.S.C. § 1983 (2000).  He names as defendants Omprakash Pillai, Lynda Rostowski, Warden Murphy, Correctional Officer Papciak and Jane Doe.

      Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

      Herring alleges that on June 23, 2010, he was confined in the P-Pod housing unit at the MacDougall-Walker Correctional Center.  He informed defendant Papciak that there was a puddle of water on the floor of the shower/bathroom area.  Defendant Papciak informed Herring that mopping floors was not his job.  Later that day, Herring slipped and fell on the floor.

      Herring was taken to the infirmary by wheelchair.  Defendant Nurse Rostkowski noted that his left elbow, left knee, left hip and lower back areas were swollen.  Herring stated that he was experiencing severe pain and could not walk on his own without difficulty.  He requested a medical pass to be moved from the top tier to a cell on the bottom tier.  Defendant Rostkowski issued crutches and pain medication and released Herring.  She informed Herring that a doctor would have to issue any medical pass.  Herring was not examined by a doctor or outside specialist.  Despite several inmate requests, defendant Dr. Pillai did not conduct a follow-up examination.  The following day, Herring saw defendant Doe for his complaints of continued pain.  Defendant Doe did not independently investigate Herrings complaints, but did place him on the list to see defendant Pillai on June 25, 2010.  Herring never saw defendant Pillai.

      On July 1, 2010, Herring was climbing the stairs with his crutches.  He missed a step and fell down the stairs.  Herring was taken to the infirmary by stretcher and received x-rays of his lower back, hip, elbow and leg.  Defendant Doe did not prescribe pain medication.  Instead, she

sent Herring back to the housing unit with instructions that he be moved to the bottom tier. Although defendant Doe placed Herring on the list to see the doctor, defendant Pillai has ignored his medical needs.

Herring's claim against defendant Papciak concerns conditions of confinement. Herring's conditions of confinement must meet "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  This means that prison officials must provide for inmates' basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety.  *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989).  Herring must demonstrate both that he is incarcerated under conditions that pose a substantial risk of serious harm and that the defendant prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  Allegations constituting mere negligence are not cognizable under section 1983.  *See Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996).

Herring alleges only that he told defendant Papciak about the puddle of water but the water was not immediately removed.  That omission constitutes negligence, but does not reflect an intent to subject Herring to a substantial risk to his safety.  *See Hawkins v. Nassau County Correctional Facility*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) (failure to clean up water on floor in shower area was negligence; alleged indifference of correctional staff that leads to potentially unsafe condition does not rise to level of unconstitutional violation).  Herring also alleges that defendant Warden Murphy did not take the initiative and order him moved to the bottom tier.  Herring alleges no facts showing the defendant Murphy was aware that Herring was

using crutches or that he was assigned to an upper bunk. Even if defendant Murphy was aware of these facts, his failure to act in the absence of a doctor's order indicating that such conduct was required is, at most, negligence. The claims against defendants Papciak and Murphy are dismissed pursuant to 28 U.S.C. § 1915A.

The remaining claims concern deliberate indifference to Herring's serious medical needs. To establish an Eighth Amendment claim for denial of medical care, the plaintiff must demonstrate that the defendant was "'deliberate[ly] indifference to [his] serious medical needs.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This two-part test embodies both an objective and a subjective component. The physical condition of the plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind." *Id.* at 66 (citing, *inter alia*, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The condition must produce death, degeneration or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). In addition, inmates are not entitled to the medical treatment of their choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*,

143 F.3d 698, 703 (2d Cir. 1998).  The conduct complained of must "shock the conscience" or constitute a "barbarous act."  *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).  In addition, the fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

Defendant Rostowski examined Herring after the first fall.  She issued crutches and prescribed pain medication and told Herring that only a doctor could issue a medical pass.  She did not immediately have Herring examined by a doctor.  Herring has alleged no facts suggesting the defendant Rostowski was aware of any facts suggesting that he would suffer serious harm as a result of not being immediately examined by a doctor.  The following day, defendant Doe put Herring on the list to see the doctor.  She also saw Herring after his second fall.  At that time, she ordered x-rays and requested that Herring be housed on the bottom tier.  She did not prescribe additional pain medication.  Although he did not receive the treatment he desired, the allegations against defendants Rostowski and Doe constitute negligence, or medical malpractice, which is not cognizable in a section 1983 action.

Finally, Herring alleges that despite a referral from defendant Doe and numerous requests submitted on his own and his continued pain and difficulty walking, defendant Dr. Pillai has never examined him in over two years since the incidents.  Although medical malpractice is not equivalent to deliberate indifference, certain instances of medical malpractice may rise to the level of deliberate indifference; namely, when an act or a failure to act by the prison doctor evinces "a conscious disregard of a substantial risk of serious harm," *Farmer*, 511 U.S. at 839.  Herring's allegation that defendant Pillai refused to examine or treat him for over two years

suggests a cognizable claim.  The case will proceed on the claim against defendant Pillai.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims against defendants Papciak, Murphy, Rostowski and Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2) The **Clerk shall** verify the current work addresses for Dr. Pillai with the Department of Correction Office of Legal Affairs, and mail waiver of service of process request packets to him at the confirmed address within **fourteen (14) days** of this Order.  The Clerk shall report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The defendant shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 25th day of April 2013, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge